**Electronically Filed
Intermediate Court of Appeals
30671
27-JAN-2011
02:29 PM**

NOS. 30671 and 30672

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NO. 30671
ROBERT L. PESTANA, JR., on behalf of
KP and JP, Minors, Petitioner-Appellee,
v.
HELENE STONE, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NO. 10-1-0629)


and


NO. 30672
ROBERT L. PESTANA, JR., on behalf of
KP and JP, Minors, Petitioner-Appellee,
v.
KAULANANAPUA E.R. STONE, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NO. 10-1-0638)


ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we lack jurisdiction over the appeal that Respondent-Appellant Kaulananapua Stone (Appellant Stone) has asserted from the

Honorable Nancy Ryan's May 10, 2010 order for protection, because Appellant Stone's appeal is untimely under Rule 4(a)(1) and Rule 4(a)(4)(B) of the Hawai'i Rules of Appellate Procedure (HRAP).

The May 10, 2010 order for protection was an appealable final order pursuant to Hawaii Revised Statutes (HRS) § 571-54 (2006), and the entry of this order triggered the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal. Although the Honorable Gale L.F. Ching entered an August 4, 2010 order that purported to grant Appellant Stone's July 9, 2010 motion for an extension to file a notice of appeal pursuant to HRAP Rule 4(a)(4)(B), the August 4, 2010 order does not comply with the requirements for an extension under HRAP Rule 4(a)(4)(B) because it purported to grant an extension "exceed[ing] 30 days past the prescribed time." The rule states:

> (B) Requests for extension of time _after expiration of the prescribed time_. The court or agency appealed from, _upon a showing of excusable neglect,_ may extend the time for filing the notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by subsections (a)(1) through (a)(3) of this rule. However, _no such extension shall exceed 30 days past the prescribed time_. Notice of an extension motion filed after the expiration of the prescribed time shall be given to the other parties in accordance with the rules of the court or agency appealed from.

HRAP Rule 4(a)(4)(B) (emphases added).

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice thereof is authorized to change the jurisdictional

-2-

requirements contained in Rule 4 of [the HRAP]."). Consequently, we lack jurisdiction over Appellant Stone's untimely appeal.

IT IS HEREBY ORDERED that Appeal No. 30672 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 27, 2011.

Chief Judge

Associate Judge

Associate Judge